## ALDRICH *et al.* V. WILMARTH.

1. An agent has such authority as the principal actually or ostensibly confers upon him; and, when one holds another out to the world and accredits him as his agent, in determining the liability of the principal the question is not what authority was intended to be given to the agent, but what authority were third persons dealing with him justified from the acts of the principal in believing was given to him.

2. In an action by the contractors to recover on a building contract, evidence to prove work done in a manner or with material essentially different from that specified in their contract is inadmissible, as contractors are bound to construct the building substantially of the material and in the manner specified in the contract; but evidence that the work done in the manner specified in the contract was done in a workmanlike manner is admissible, especially when the defendant has pleaded that the work was not so done, and by reason thereof she has suffered damage.

3. When contractors have in good faith intended to and have substantially complied with the contract, although there may be slight defects caused by inadvertence or unintentional omissions, they may recover the contract price, less the damage sustained on account of such defects.

(Syllabus by the Court. Opinion filed Jan. 25, 1893.)

Appeal from circuit court, Beadle county. Hon. A. W. CAMPBELL, Judge.

Action by George W. Aldrich and Jacob E. Huffman, partners as Aldrich & Huffman, against Alma E. Wilmarth, to recover a balance due on a building contract and for extra work. There was judgment for plaintiffs, and defendant appeals. Affirmed.

The facts are fully stated in the opinion.

*A. B. Melville* and *A. W. Wilmarth*, for appellant.

It is incumbent upon a party dealing with an agent to ascertain the extent of his power. Story, Ag. § 136; Roberts v. Rumley, 12 N. W. 326; Owings v. Hull, 9 Pet. 246; Wheelon v. Muguire,

2 Law Rep. 808; Bond v. Pontiac, 62 Mich. 643; Bant v. Guitschick, 14 Pet. 39; Whitings v. Lake, 91 Pa. 353. The declarations of the agent can bind only so far as he has authority to make them. 2 Greenl. Ev. § 114; Merchants v. Railroad, 13 N. Y. 613; Reaney v. Culbertson, 21 Pa. 507. A superintendent, to carry out and perform a contract already made by his principal, is not authorized to change the contract or to make a new one. Ewell, Ag. 167; Gerrish v. Maher, 70 Ill. 470; Brisbane v. Adams, 3 N. Y. 129; Rex. v. Peto, Y. & J. Exch. 37; Cooper v. Langdon, 9 M. & W. 60. The builder has no right to substitute his judgment for that of his principal and change the plans. Smith v. Bready, 17 N. Y. 186; Phillips v. Gallant, 62 N. Y. 264; Weeks v. O'Brien, 14 S. W. 701. The letting of the building to tenants is not a voluntary retention or acceptance of the building. Civil Code, § 3455; 2 Add. Cont. 862; Zottman v. San Francisco, 20 Cal. 108; Ruff v. Rinaldo, 55 N. Y. 664; Wiley v. School, 25 Mich. 427.

*Mouser & Vollrath*, for respondent.

CORSON, J. This is an action to recover a balance claimed to be due on a building contract, and for the value of extra work and material furnished. Judgment for the plaintiffs, and the defendant appeals. The facts, briefly stated, are as follows: The plaintiffs entered into a contract with the defendant to erect for her a brick building for the sum of $10,700, of which the sum of $10,600 was paid before the institution of this action, leaving a balance, as claimed by the plaintiffs, of $100 still due them on the original contract. They also claimed the sum of $242.76 as due them for extra work and material furnished. The defendant denied that the $100 was due on the original contract; denied that more than $126.45 was due for extra work and material; and pleaded, as a counterclaim, that the plaintiffs had not finished said building, and had performed the work on the same in an unworkmanlike manner, and that by reason of the careless neglect and the cheap and unworkmanlike manner in which the building was constructed, the defendant sustained damage to the amount of $1,277.50, for which she demanded judgment. The case was tried by a referee, who found that the balance of $100 on the original contract was due the plaintiffs, and that they were enti-

tled to the sum of $235.86 for extra work and material furnished.
The referee also found that the defendant was entitled to the sum
of $160.25 damages for the failure of the plaintiffs to fully per-
form their contract in accordance with its terms leaving a balance
due the plaintiffs including interest of $206.31 for which he recom-
mended judgment should be entered for the plaintiffs.   On the
review of the referee's report, the court made a further allowance
to the defendant of the sum of $66.95 and entered judgment for
the plaintiffs for the sum of $139.44.   A motion for a new trial
was made in the court below and denied.

There are numerous errors assigned but they may be condensed
into four, which embrace all that is material to be considered on
this appeal, and these are (1) that the evidence was insufficient
to justify the referee in finding that the foundation wall of the
building was constructed according to the terms of the contract
and specifications; (2) that the evidence as to the agency of A. W.
Wilmarth, by whom most of the alleged extra work, as claimed
by the plaintiffs, was ordered, was insufficient to justify the ref-
eree in finding that the extra work was performed at the instance
and request of the defendant; (3) that the evidence was insuffi-
cient to justify the finding of the referee that the value of the
extra work and material was $235.86; and (4) that the referee
erred in permitting the plaintiffs to introduce evidence that the
foundation wall was constructed in a good and workmanlike
manner.

1. The contract provided "that three fourths of the stone in
the entire foundation wall must be of large size, to reach through
the wall."   The appellant insists that this clause in the contract
has not been complied with, and that the evidence was insuffi-
cient to justify the finding of the referee that the wall was con-
structed according to the terms of the contract.   Upon this ques-
tion several witnesses seem to have been examined, three of whom
testified on behalf of the plaintiffs, and two or more on the part of
the defendant.   Mr. Aldrich, one of the plaintiffs, testified that
three fourths of the stone in quantity went through the entire
wall.   Mr. Huffman, also one of the plaintiffs, testified that, as to
the quantity, three fourths of the stone went through the entire

wall; and Mr. Phillips, who had charge of the construction of the wall, testified that, in actual cubic measure, three fourths of the stone in the wall went through. There was evidence on the part of the defendant tending to prove that the wall was not constructed as specified in the contract. But the fact that the wall was so constructed was supported by the testimony of three witnesses on the part of the plaintiff, who seemed to have had knowledge of the facts, while the other view was supported by not to exceed three witnesses, who did not possess superior, if equal, knowledge of the character of the wall; hence this court would not be justified in disturbing the findings of the referee upon this question.

2. The next question presented is as to the authority of A. W. Wilmarth to order the extra work, most of which, it is claimed by the plaintiffs, was ordered by him. It is contended by the learned counsel for the respondents that the referee was fully authorized to find from the pleadings that the extra work was performed and the material furnished at the instance and request of the defendant. We are inclined to agree with the counsel in this contention. It is alleged in the complaint that the additional labor was performed and material furnished at the special instance and request of the defendant, and that they were of the value of $242.76. The answer to this paragraph of the complaint is as follows: "And defendant admits that the plaintiffs performed certain labors and furnished certain material not provided for in the contract and specifications; but she avers that the plaintiffs, before the commencement of this suit, presented an itemized statement for all the extra labor and material so furnished, which items were as follows, and no other, or different, except as to the tile on lot 8, and as to the sidewalk." The bill of items given in the answer comprises some 28 items, and embraces nearly all included by the plaintiffs in their complaint, the total value of which, as fixed in the bill annexed to the answer, is $126.45. By whom the value of the different items was fixed does not appear. Again, in the answer the defendant states that "the defendant further denies that plaintiffs are entitled to credit for extras in the sum of $242.76, and alleges that they are

only entitled to $126.45, and to seven cents per foot for the tile laid on lot 8." And in another paragraph of the answer the defendant denies that there is due the plaintiffs $242.76 or any other sum for said extras, except as aforesaid, and denies that such extras were of the value of $242.76 or any sum, except as aforesaid. It will be observed that there is no denial that the extra work performed and material furnished were so performed and furnished at the instance and request of the defendant. Only the value of the extra work and material seems to be denied. But, independently of the admissions in the pleadings, we are of the opinion that there was evidence of the actual or ostensible authority of Mr. Wilmarth, to order the extra work that justified the referee in finding that the defendant was liable therefor. Both of the plaintiffs testified that on or about May 18th, a few days prior to the actual execution of the contract, the defendant informed them, at an interview in regard to the building, when plans were examined, etc., that from that time on Mr. Wilmarth would have charge of the building; that she had put the matter in his hands, and he would have charge of the building, as superintendent, as understood by one of them. There was also evidence tending to prove that, during the erection of the building, the defendant, with her husband, Mr. Wilmarth, visited the building almost daily; that on one occasion, when the defendant was about leaving for Chicago, and was spoken to by one of the plaintiffs about the building, she said to him to call on Mr. Wilmarth for any directions during her absence, and, when the plaintiffs were urging a settlement, she again referred them to Mr. Wilmarth as authorized to act in the matter. The defendant also introduced in evidence on the trial the exhibit annexed to her answer, showing the extra work, which has the following heading: "Statement of extras charged for and allowed Aldrich & Huffman, by A. W. Wilmarth, as agent for Alma E. Wilmarth, which were furnished by said Aldrich & Huffman on the Hills block more than contracted for." This statement and items of account were in the handwriting of Mr. Wilmarth, with writing and figures thereon in pencil by one of the plaintiffs. It is contended by counsel for the defendant that Mr. Wilmarth was only an

agent for the purposes of this settlement for the extra work. Assuming the term "agent," as there used, was intended to be limited to the settlement, still the fact remains that these claims were then apparently recognized as valid claims so far as the evidence in the record discloses. Again the defendant admits that she personally made some changes involving additional expense, and directed Mr. Wilmarth to order one or more changes also. There was evidence on the part of the defendant tending to contradict the testimony of the witnesses for the plaintiffs as to the acts and declarations of the defendant, but as, in our opinion, the evidence on the part of the plaintiffs was clearly sufficient to justify the referee in finding that Mr. Wilmarth had actual or ostensible authority to order the extra work, or which justified the plaintiffs in believing he was so authorized, it is not necessary to further refer to it. "An agent has such authority as the principal actually or ostensibly confers upon him." Section 3977, Comp. Laws. When one holds another out to the world and accredits him as his agent, in determining the liability of the principal the question is not what au-. thority was intended to be given to the agent, but what authority were third persons dealing with him justified from the acts of the principal in believing was given to him. Griggs v. Selden, 58 Vt. 561, 5 Atl. Rep. 504. See Wheeler v. McGuire, (Ala.) 5 South. Rep. 190, 2 Lawy. Rep. Ann. 808, and notes, where the question of the authority of agents is ably reviewed. Upon a careful review of the evidence, we are of the opinion that the referee was warranted by the same in finding that Mr. Wilmarth, if not actually authorized by the defendant to order the extra work, had ostensibly such authority, and that the plaintiffs were justified in believing him to be so authorized.

It is further contended by the counsel for appellant that the findings of the referee that the extra work and material were of the value of $235.86 was not supported by the evidence. The evidence upon the question of the value of the extra work and material, while not as full, clear, and explicit as it should have been, is, we think, sufficient to sustain the referee's findings.

On the trial the plaintiffs introduced evidence tending to prove that the foundation wall was constructed in a workmanlike manner, which was received under objection. Counsel for the defendant insisted that such evidence was not admissible under the pleadings. We cannot agree with counsel in this contention. The defendant alleged in her counterclaim that the plaintiffs constructed this wall in an unworkmanlike and negligent manner, in addition to the allegation that it was not constructed according to the contract. Under these allegations, it becomes necessary for the plaintiffs to prove, not only that the wall was constructed of stone, of the size called for by the contract, but that it was also constructed in a workmanlike manner, as that was also required by the contract and the pleadings. Such evidence would not have been admissible to prove that a different foundation wall from that specified in the contract was constructed, as good as the one called for in the contract, as the contractors were bound to construct the building of the material and in the manner specified in their contract, except as to changes made in the contract by the consent of all parties to it. Smith v. Brady, 17 N. Y. 173; Phillip v. Gallant, 62 N. Y. 256; Champlin v. Rowley, 13 Wend. 258; Pullman v. Corning, 9 N. Y. 93; Pike v. Butler, 4 N. Y. 360. But where the builders have in good faith intended to and have substantially complied with their contract, although there may be slight defects caused by inadvertence or unintentional omissions, they may recover the contract price, less the damages sustained on account of such defects. Phillip v. Gallant, 62 N. Y. 256; Johnson v. De Peyster, 50 N. Y. 666; Glacius v. Black, 50 N. Y. 145. The referee found that the plaintiffs substantially complied with the terms of their contract for the construction of the building, but he also found they departed from its terms in certain minor respects, and properly allowed the defendant damages therefor. The departure from the terms of the contract, except when assented to or required by the defendant, as found by the referee, seems to have resulted from some misunderstanding and was not an intentional violation of the contract and we are of the opinion that the referee and court below properly held that the plaintiffs were entitled to recover upon their contract for the bal-

34—S. D.

ance due thereon, and for the extra work, less the damages sustained by the defendant. Finding no error, the judgment of the circuit court is affirmed.

On Rehearing.

(March 29, 1893.)

BENNETT, P. J.    A decision in the above-entitled cause was rendered by this court on the 25th day of January, 1893, affirming the judgment of the court below. A motion for a rehearing is now made by the appellant, based upon the following alleged errors of this court: (1) Sustaining the judgment of the court below as to the agency of A. W. Wilmarth and his authority to order extra work to be done. (2) Error in holding that Exhibit 13 established the value of the extra work as shown in said exhibit, while the value was positively denied by the defendant in his answer, there being no evidence of value upon which the defendant could be charged for the extras furnished. (3) While A. W. Wilmarth was not the agent of the defendant for any purpose, the defendant should be credited for the undisputed damages resulting from failure of the plaintiffs to put in the O. G. base in the basement and storeroom. (4) The court below erred in not allowing the defendant rent because of the failure of the plaintiff to complete the building at the time specified in the contract. The motion for a rehearing presents nothing which calls for a re-examination of the points presented. The value of the extra work, as shown by Exhibit 13, is admitted by defendant's answer to be $126.45; the amount found to be due by the referee, and upon examination by the court below, was $235.86,— a difference of $109.41. This was found to be due by the referee and court, having before them the original witnesses, and having the means of better judging of the weight of the testimony than can an appellate tribunal. Upon examination of the abstract, however, we find that it was supported by some evidence; for, when the witness Huffman was testifying in reference to the items as found in Exhibit 13, he said the "labor bestowed and the material furnished was at reasonable prices." This evidence,

while weak, yet, uncontradicted, and taken in connection with the review of the court below, upon the referee's findings, must be taken as sufficient to sustain the findings. The question of the agency of Mr. Wilmarth was fully, and, we think, conclusively, shown by acts and authority of the defendant. This branch of the case was thoroughly gone over in the former opinion, and it would entail a useless expenditure of time and money to grant a rehearing on this ground. The motion for a rehearing is therefore overruled.