ANDERSON & HUNTER *vs.* R. R. TODD.

Opinion filed November 22, 1898.

**Action on Contract—Substantial Performance.**

To entitle a contractor to recover upon a building contract, which has not been fully complied with by him, under the doctrine of substantial performance, it must appear, not only that he endeavored to perform it in good faith, but also that he has done so, except as to unimportant omissions or deviations, which are the result of mistake or inadvertence, and were not intentional, and which are susceptible of remedy, so that the other party will get substantially the building he contracted for.

**Facts Do Not Show Substantial Performance.**

Facts examined, and *held* not to bring the plaintiffs within the rule.

**Taking Possession of Building Not an Acceptance.**

*Held,* further, that the mere fact of taking possession of the building does not of itself amount to an acceptance of the same by the owner as having been erected according to contract.

Appeal from District Court, Walsh County; *Morgan,* J.

Action by Cameron Anderson and K. C. Hunter, co-partners as Anderson & Hunter, against R. R. Todd. Judgment for plaintiffs. Defendant appeals.

Reversed.

*John H. Fraine* and *Bosard & Bosard,* for appellant.

*Bangs & Guthrie,* for respondents.

YOUNG, J. Action to recover a balance claimed to be due upon a building contract and for extras, and to enforce a mechanic's lien therefor. The defense is noncompliance with, and nonperformance of, the contract. The trial court determined that the contract had been substantially complied with, and after making certain deductions, to which allusion will be subsequently made, found for the plaintiffs. Defendant appeals, and specifies some 47 errors. These it will not be necessary or useful to consider in detail, for reasons which will appear as we proceed. The defendant, being desirous of erecting a two-story brick building upon a certain corner lot owned by him in the City of Grafton,—the first story to be used for a store, and the second for offices,—caused plans and specifications therefor to be prepared by Orff & Joralemon, architects in Minneapolis. On

July 17, 1894, the plaintiffs, who are contractors and builders, entered into a written contract with defendant to erect such building in accordance with the plans and specifications so prepared, except as to the foundation, which was modified by the following language , inserted in the contract: "Instead of foundation being built by piers as shown by plans, said foundation is to be solid foundation under all the exterior walls of said building, to go down six (6) feet below the surface, and to be built at the bottom three (3) feet wide and one (1) foot thick, of concrete, the same as set forth in the plans; and the balance of the wall to be of brick, three (3) feet wide at the bottom, and gradually tapering to the top of said foundation wall, which is to be sixteen (16) inches wide." Plaintiffs also stipulated in said contract "to lay all foundation brick in cement, and foundation wall to be plastered inside and outside with cement, of the same kind set out in plans and specifications;" that is, Yankton cement. Defendant, on his part, bound himself therein to pay the sum of $6,000, as follows: 75 per cent. of the cost of all the material upon the ground, to be estimated every 14 days; the balance "to be paid when the building is completed and turned over, and accepted by the said first party, and when the said second party turns over to the first party receipts in full showing payment of all material used in said building, and payment to all subcontractors in full of the amount due them for material furnished or labor done." The findings of the trial court enumerate certain specific particulars in which the plaintiffs deviated from their written contract, and to which we now call attention: First, Milwaukee or Louisville, and not Yankton, cement was used; the evidence showing that from 180 to 210 barrels were necessary, and that the relative cost thereof per barrel at Grafton was as follows: Milwaukee, $1.44; Louisville, $1.79; Yankton, $3.40. Second. The foundation wall did not taper up 6 feet from a 3-feet width at the bottom to 16 inches at the top, but was blocked into a 16-inch wall 2 feet from the bottom, at a saving of 6,000 brick to the contractors. Third. The plate glass was not free from sand holes. Fourth. The front of the building was not properly constructed. Fifth. The plaintiffs did not turn over receipts showing payments to subcontractors, and for material, as required by the contract. Sixth. The rear and party walls were not built of selected brick, as to color. The trial court held, however, that the plaintiffs had not willfully deviated from the contract, but had acted in good faith, and, upon the basis that there had been a substantial performance on their part, allowed the plaintiff's to recover the contract price, also $188.49 for extras furnished, less payments made, but reduced the balance so found to be due by an allowance for defects and damages as set out in the following finding: "That the total deduction to be made from the contract price of said building by reason of noncompliance with the contract is the sum of $416.46, as follows: Defects in plate glass, $25; defective construction of front, $50; foundation not built as to contract, as per finding No. 13, $275; painting of front $25;

removing rubbish, insurance plate glass in side door, $16.46; pointing up holes in wall $25."

An examination of the evidence satisfies us that the findings of the trial court relating to the deviations from the contract as above indicated are not only sufficiently supported, but are favorable to the plaintiffs; for they rest, not upon disputed and conflicting evidence, but upon the testimony of plaintiffs' own witnesses. Although the findings are silent upon that point, the undisputed evidence also shows that no foundation wall at all was built under the front portion of the building. The defendant's answer placed in issue the performance of the contract, not only generally, but by particularizing various omissions and defects in addition to those already alluded to; including unskillful and careless workmanship, and the use of defective and improper materials. Evidence was introduced which we must say tended to some extent, at least, to establish these further grievances. But in our view it is not necessary to deliberate over conflicting testimony in order to properly determine this case; for, under the controlling facts in the findings themselves, we are convinced that the plaintiffs have not substantially complied with the contract, and they cannot, therefore, recover upon it. It is true that the early rule, requiring a technical and literal compliance with the contract as a condition precedent to a recovery upon it, has been so modified, in the interest of, and for the protection of, the honest, skillful, and prudent contractor, that he may now recover upon his contract when it appears that he has endeavored to perform it in good faith, and according to its terms, and has done so, except as to unimportant omissions or deviations, which are the result of mistake or inadvertence, and were not intentional, and which are susceptible of remedy, so that the other party will get substantially the building he has contracted for. In such event the doctrine of substantial performance prevails, and the contractor may recover the contract price, less the expense of repairing the defects and omissions. See *Leeds* v. *Little* (Minn.) 44 N. W. Rep. 309; *Elliott* v. *Caldwell* (Minn.) 45 N. W. Rep. 845; *Smith* v. *Brady,* 17 N. Y. 173; *Aldrich* v. *Wilmarth* (S. D.) 54 N. W. Rep. 811; *Crouch* v. *Gutmann,* 134 N. Y. 45, 31 N. E. Rep. 271; *Pullman* v. *Corning,* 14 Barb. 174; 2 Beach, Mod. Cont. § 1729; *Glacius* v. *Black,* 50 N. Y. 145; *Phillip* v. *Gallant,* 62 N. Y. 256; *Woodward* v. *Fuller,* 80 N. Y. 312; *Heckmann* v. *Pinkey,* 81 N. Y. 211; *Glacius* v. *Black,* 67 N. Y. 563; *Nolan* v. *Whitney,* 88 N. Y. 649. But the doctrine does not go to the extent of compelling a person to pay the contract price for a building differing in important particulars from that for which he has contracted. The defendant had a right to use his own judgment as to the kind of material to be used in this structure, and his own taste to fix the style of its architecture. All the details were set our fully in the written specifications and contract. This contract governs their rights. Upon its performance the defendant had agreed to pay the contract price, and by a performance of its obligations, as a condition precedent, the plaintiffs are

enabled to compel payment of the contract price, and in that way only. The language of the Court in *Smith* v. *Gugerty,* 4 Barb. 614, which was an action on a building contract, further illustrates what we have said: "The builder seems to suppose that, while he adheres generally to the plan which is prescribed for him, he is at liberty to disregard minute and unimportant particulars, while the owner imagines that a departure from such plan in any respect, although it may be the effect of accident, and of no possible injury to him, exonerates him from the obligation of making any payment which is in terms made dependent upon the full performance of the contract. Both are wrong. Parties should undoubtedly be exact in the fulfillment of their agreements, even to the smallest particular; and, if they willfully or carelessly depart from any one of them, they should incur the penalty, however severe it may be. But if a party, acting in good faith, and with a determination to do what he has contracted to do, should unintentionally, and without any negligence, happen in some trifling and unimportant matter to vary or depart from the terms of his agreement, the law is not so severe and exacting as to deprive him of all compensation." In this case the facts do not bring the plaintiffs under the protection afforded to those who have not fully, but have substantially, performed their contract. The plans and specifications were in writing, and were for plaintiffs' guidance. It is plain they did not follow them in the particulars already noted. These deviations and omissions were, in our judgment, neither slight, unintentional, innocent, nor easily remedied. The building is not that provided for in the contract. The record shows that evidence was offered at the trial tending to show that the foundation actually built, and the materials actually used, while differing from, were in fact as good as, those the contract called for. This might possibly be available in a different form of action, but it has no place here, for reasons already noted; this action being upon the contract. *Aldrich* v. *Wilmarth* (S. D.) 54 N. W. Rep. 811, and cases cited.

It appears that the defendant took possession of the building, and the Court so found. This does not amount to an acceptance of the same as having been erected according to the contract. *Elliott* v. *Caldwell* (Minn.) 45 N. W. Rep. 845; *Smith* v. *Brady,* 17 N. Y. 173. As to the effect this should have, counsel for respondents quotes from Beach on the Modern Law of Contracts (volume 2, § 1728): "Where one has entered into a special contract to perform work for another, and has done the work, but not in the time or manner stipulated in the contract, if the work done is accepted and used by the other party the latter is answerable, to the amount he is benefited, upon an implied promise to pay for the value he has received." This question, upon which there is some conflict in the authorities, we need not discuss; for plaintiff's action is not based upon an implied contract, but upon their express written agreement. The defendant very properly saw fit to specify in writing the

kind of a building he wished erected, and the quality of labor and material to be used. A compliance with these requirements, saving innocent and unintentional deviations and omissions capable of being remedied, were conditions precedent to his right to recover on the contract. It is conceded that defendant has paid to plaintiffs the sum of $4,856.08, which more than covers the amount allowed for extras, and such payments as the contract bound defendant to make prior to its complete performance. We may also add that we find nothing in the case which prevents defendant from standing upon the terms of his contract. For the reasons already stated, the judgment of the lower court herein is reversed, and that court is directed to enter a judgment dismissing this action. All concur.