JOSEPH CONNOR v. F. L. TRAPP, JAMES REFSELL, J. B.
    BROWN, Defendants, and THE RALEIGH CREAMERY
    COMPANY, Appellant.

**Breach of contract:** INSTRUCTION AS TO COMPLIANCE. In an action
    for damages because of defendant's failure to construct a well
    of an agreed diameter, an instruction that substantial com-
    pliance with the contract would be the furnishing of a well of
    the same practical value and character as agreed, and that un-
    important deviations not affecting the purpose for which the
    well was intended were immaterial was, under the evidence,
    erroneous.

*Appeal from Emmet District Court.* — HON. A. D. BAILIE,
                            Judge.

WEDNESDAY, JULY 12, 1905.

SUIT to recover on a verbal contract for the boring of a
well, and to recover for certain repairs thereto. There were
a verdict and judgment for the plaintiff against the creamery
company, from which it appeals. — *Reversed.*

*J. G. Myerly,* for appellant.

No appearance for appellee.

SHERWIN, C. J. — The parties entered into a contract
for a well which was to supply the appellant's creamery with
good, clean, pure water. There is a conflict in the evidence
as to whether the well was to be a three or four inch one,
and as to whether the plaintiff was to furnish therefor a Cook
sand point; the decided weight of the evidence supporting
the appellant's contention on these points. The plaintiff
bored the well to a depth of 381 feet. He bored a 4-inch
hole over 300 feet of the distance, and the rest of the way

it was 3 inches.   A 3-inch casing was used for the entire
depth, making the well, in fact, a 3-inch well.   The evidence
is conclusive that it did not furnish clear, ·pure water, or
water that could be used for creamery purposes at all, until
it had stood long enough for the sand to settle, and that the
well was eventually abandoned because of the impure con-
dition of the water when first brought to the surface.   The
court instructed that a substantial compliance with the con-
tract would be " the furnishing of a well of the same prac-
tical value and character as provided in the contract.   Un-
important deviations from the exact terms of the contract,
which do not interfere with the purpose for which the well
was constructed and to be used, will not prevent a recovery."
Under the evidence in this case, the instruction was clearly
erroneous.   The appellants either contracted for a four-inch
well, or they did not.   If they contracted for such a well they
were entitled to it, and a three-inch one did not constitute a
substantial compliance with the contract, within the meaning
of the law.   *Fauble & Smith v. Davis,* 48 Iowa, 462 ; *Jackson
v. Creswell,* 94 Iowa, 713; *Anderson v. Todd,* 8 N. D.
158 (77 N. W. 599).   A contract to bore a well is not sub-
stantially performed if the diameter contracted for is not
adhered to.   I Beach on the Modern Law of Contracts, sec-
tions 293–294; *Gillespie Tool Co. v. Wilson,* 123 Pa. 19
(16 Atl. 36.)

The seventh instruction is complained of, and we think
justly so.   It not only required the jury to find that the
contract had been breached in several particulars, to defeat
the plaintiff's recovery, but it again directed the jury that a
three-inch well would be a substantial compliance with the
contract.   The evidence was conclusive, as we have seen, that
the well did not supply good, clear, pure water, and this
was what the plaintiff undertook to furnish ; hence the ver-
dict was contrary to the evidence, and should have been
set aside.

For the errors pointed out, the case is reversed. — *Reversed.*