MORGAN-NATIONAL WOODWORKING CO., INC. *vs.* HYMAN E. CLINE.

Suffolk. February 8, 1949. — March 3, 1949.

Present: QUA, C.J., LUMMUS, RONAN, WILKINS, & SPALDING, JJ.

*Contract*, Building contract, Performance and breach. *Damages*, For breach of contract.

In an action upon an account annexed for labor and building materials furnished for a house of the defendant, the defendant was entitled in recoupment to damages caused him by undue delay in performance by the plaintiff, and, in measuring such damages, the fair rental value of the house could be considered although it appeared that the defendant did not intend to rent it.

An instruction to the jury, at the trial of an action upon an account annexed for labor and building materials furnished for a house of the defendant, that the rule of law that conduct of the plaintiff in building an improper staircase, knowing it to be such, prevented his recovery did not apply because the plaintiff rebuilt the stairway and "corrected" his "evil intention," was error where it appeared that, although the defendant apparently acquiesced in the rebuilding of the staircase, there was evidence that the rebuilding also was improper.

CONTRACT. Writ in the Superior Court dated June 27, 1947.

The defendant in his answer, besides a general denial, alleged that the plaintiff had failed to perform its contract in that "the building materials specified in the written agreement [with the plaintiff] were not prepared, manufactured and installed in a good and workmanlike manner, that the lumber of which said building finish material was made was not properly seasoned, and not of merchantable grade for the purpose for which it was used, that the plaintiff by its unreasonable delay and improper workmanship failed to complete its work within a reasonable time"; and "that by reason of the failure of the plaintiff to perform its contract as aforesaid, the defendant has been damaged, for which damage he seeks recoupment in this action."

The action was tried before *Morton,* J.

*J. B. Abrams,* (*E. E. Cooper* with him,) for the defendant.

*D. S. Kunian,* (*L. R. Bennett* with him,) for the plaintiff.

LUMMUS, J. This is an action of contract in which the plaintiff got a verdict for $2,845.50 on count 2 of the declaration, which was for $3,350 for labor and material on an account annexed. The case comes here on exceptions taken by the defendant.

There was a written contract for $5,450, on which $3,000 was paid on account, leaving a balance of $2,450. The action is for that balance, plus extra work of $885. There was evidence that the plaintiff intentionally deviated from the contract in building the main staircase in the house. The general manager of the plaintiff testified on cross-examination that the main staircase was finished on January 31, 1947, but that a second set of stairs, to replace the

first, was not finished until May 21, 1947. He testified that the house had to be completed as soon as possible, and that the defendant was entitled to get a first class set of stairs. He testified that he watched the building of the first staircase, that it was a poor job, and if the defendant had not known enough to call it to his attention, he would not have built a new staircase, but would have "gotten away" with the poor job. There was testimony from witnesses for the defendant that the new staircase was built of green wood, and was not installed in accordance with the requirements of good workmanship because not "dadoed" to the side stringers, and that the treads were warped.

The judge charged the jury that the plaintiff was required to do the work with due dispatch, and was liable if it did not. The defendant gave evidence that the rental value of the house was $250 a month. But since the defendant did not intend to rent the house, the judge charged the jury that he could not be allowed for any loss of rental value. We think this was error. The defendant was entitled to the seasonable use of the house, whether he intended to occupy it himself or to rent it. He was entitled to compensation for undue delay in either case, and the fair rental value could be considered in measuring the damages. *C. W. Hunt Co.* v. *Boston Elevated Railway*, 199 Mass. 220, 233 et seq. *Neal* v. *Jefferson*, 212 Mass. 517, 523. *Jackson* v. *Innes*, 231 Mass. 558, 560. *Antokol* v. *Barber*, 248 Mass. 393. *Covode* v. *Principaal*, 110 Mich. 672. *Mahone* v. *Thompson*, 83 Cal. App. 561. See also *Matloff* v. *Chelsea*, 308 Mass. 134, 136.

The judge charged the jury that if the plaintiff built an improper staircase, knowing it to be such, it could not recover. So far his charge was in accord with our cases. *Bowen* v. *Kimbell*, 203 Mass. 364, 371. *Glazer* v. *Schwartz*, 276 Mass. 54, 57, 59. *Andre* v. *Maguire*, 305 Mass. 515, 516. *Russo* v. *Charles I. Hosmer, Inc.* 312 Mass. 231, 233. *LeBel* v. *McCoy*, 314 Mass. 206, 209. But he added that that rule did not apply in this case, "because they [it] built the

second staircase and corrected their [its] evil intention." Since there was evidence that the second staircase also was improperly built of unseasoned wood, the judge could not properly tell the jury that the "evil intention" of the plaintiff had been "corrected." In this case the defendant apparently acquiesced in the rebuilding of the staircase. The judge refused, subject to the exception of the defendant, to give his requested instruction that "a plaintiff who has intentionally deviated from the terms of a contract in building an improper staircase is not excused simply by reason of the fact that it rebuilt the staircase." It would be liable if it rebuilt the staircase in an improper manner, and also for the delay resulting from a failure to use reasonable expedition in providing a proper staircase.

*Exceptions sustained.*