PÒTTER, Respondent v. ANDERSON, Appellant
SWENSON PLUMBING & HEATING et al., Respondents v.
ANDERSON, Appellant

(178 N.W.2d 743)

(File No. 10700. Opinion filed July 21, 1970)

**Robert L. Jones,** Sioux Falls, for plaintiffs and respondents.

**Lacey & Lacey,** Sioux Falls, for defendant and appellant.

BIEGELMEIER, Judge.

Plaintiff Rex Potter, a contractor, and defendant executed an agreement whereby plaintiff agreed to construct a house in the country on lands owned by defendant for $34,000 in accord with plans and specifications prepared by a company which specialized in that service. The plans (blue prints) were used, but the contract stated some changes and the 15 pages of specifications were then rewritten to reflect these written changes. Potter brought an action against defendant for the balance he claimed due on the contract and a second cause of action for damages for failure of defendant to convey his former home to plaintiff. Defendant's answer was a general denial, claims of failure of plaintiff to perform the contract, listing numerous defects and a counterclaim. Three firms commenced a separate action against defendant to foreclose liens claimed by them for labor and materials furnished in the building. Upon reaching trial the parties to both these actions stipulated to consolidate the two cases for trial by the court. The trial court's Findings and Judgment awarded Potter the balance found due on the contract plus some extras, less damages allowed for some of the defects; it also decreed liens for all three lien claimants in varying amounts.

## I.

One set of Findings of Fact, Conclusions of Law and a Judgment were entered. The titles of these papers, as all thereafter filed in the trial court and the one Notice of Appeal to this court, were titled with the names of the parties

to both actions. The propriety of the latter is much in doubt. 36 A.L.R.2d 823. As the court commented on a different phase of appellate procedure in Morrison & Skaug v. Connery, 54 S.D. 329, 223 N.W. 210, "It is not only confusing but perilous." In a similar situation two actions, one for forcible entry and detainer and the other for specific performance of a contract involving the same property but with the parties reversed, were consolidated for trial and tried to the court. Two copies of the set of Findings, Conclusions and Judgment were entered, each having both titles as did the one Notice of Appeal which was served and filed. On motion the appeal was dismissed by order without an opinion. Himrich v. Helm, and Helm v. Himrich, No. 10340. However, no objection was made here, 36 A.L.R.2d 849; consequently, the merits have been considered.

## II.

For clarity contractor Potter will sometimes be designated in the opinion as contractor or plaintiff as he was in what the parties referred to as the main action, and defendant as such or as owner.

The contract contained the usual provisions that the contractor furnish all labor, materials, etc. to construct the house, the work to be performed by qualified and skilled craftsmen in good and workmanlike manner, and that he assumed responsibility for all subcontractors employed by him but not for that of, or the delays caused by, subcontractors employed by the owner. Plaintiff's complaint alleged he had performed his contract and defendant argues that having alleged performance, he cannot prove waiver or excuse. Defendant also asserts that the findings plaintiff substantially performed his contract are against the evidence.

We believe the first point is merged in the second and if plaintiff substantially performed the contract he may recover on it. Defendant does not otherwise contend nor could he, as his brief states "plaintiff * * * cannot recover unless he shows substantial performance"; ergo, if plaintiff shows substantial performance he may recover. That is the

teaching of our cases from Aldrich v. Wilmarth, 3 S.D. 523, 54 N.W. 811, through Dixon v. Nelson, 79 S.D. 44, 107 N.W.2d 505, which defendant cites and from which he quotes. See also 13 Am.Jur.2d, Building, Etc. Contracts, § 43. What is substantial performance in a given situation is sometimes a question of fact, Hulst v. Benevolent Hall Ass'n, 9 S.D. 144, 68 N.W. 200, yet as phrased by Justice Cardozo in Jacob v. Kent, 230 N.Y. 239, 129 N.E. 889, 23 A.L.R. 1429, "The question is one of degree, to be answered, if there is doubt, by the triers of the facts * * * and, if the inferences are certain, by the judges of the law". In the latter circumstances, it is a matter of law.*

* In Symms-Powers Co. v. Kennedy, 33 S.D. 355, 146 N.W. 570, the contract the improvement was to be paid for " 'provided that the (contractor) shall have furnished (owner) a good and sufficient surety bond in the sum of one thousand dollars guaranteeing' " the heating plant was installed in accord with the contract and specifications, etc. Plaintiff alleged performance of the contract in full and neither pleaded nor proved facts constituting waiver. The court held plaintiff was bound to prove performance of the condition precedent and that with a heating plant so deficient it required 300 feet of added radiation, the finding of substantial performance was not justified as a matter of law. See SDCL 15-6-9(c). The surety bond requirement also appears to have been a condition precedent of considerable weight to payment of the contract.

 Further, in considering whether the Findings of Fact are supported by the evidence, we must accept that version, including the inferences which can be fairly drawn therefrom, which is favorable to the trial court's action. Because his participation in the trial reveals to him many things that are helpful and sometimes essential in deciding fact issues, it is presumed the findings are correct. Hence, we are not free to disturb them unless satisfied that they are contrary to a clear preponderance of the evidence. Dolan v. Hudson, 83 S.D. 144, 156 N.W.2d 78. As in Dolan, the trial court by consent of and in presence of counsel viewed the house and while it is not evidence, it fortifies the findings. We assume this view was of some value in assisting the judge to determine the issues of fact.

 The contract of March 20, 1965 required work would commence at once, be pursued diligently to completion and be substantially completed in approximately 120 calendar days. The trial court found plaintiff began work April 1st, that the house was substantially completed by the first part of November, but not habitable because of unanticipated difficulties encountered in the construction of a well; that time was not of the essence and the delay by reason thereof not unusual and thus excusable, and defendant failed to produce any evidence showing damage because of such delay. The finding of substantial performance may be supported by the evidence, but the other findings which deny damages by reason of delay in completing the house by reason of the delay in drilling the well are without such support. Approximate means close to or near and as plaintiff's workmen and subcontractors were working on the house in November and December and the well was not completed nor water therefrom available to the house until about January 25, 1966, the contract was not performed within the time limit. The contract provided (subject to the owner paying its cost over the $1,000 allowed for it in the contract) "The well * * * shall be built by the contractor" and he recognized it was his obligation to do so. He testified he talked to the owner before he employed a well driller and asked him if he had any objections to having a Mr. Collins drill the well, that "It was my responsibility to see that it was done, however I thought I would ask the owner if he had a preference and at that time he said he would rather not have Mr. Collins drill the well." Potter then employed two other men to drill it and as they had neither the ability nor machinery to drill through rock their efforts failed and Potter later hired Collins to do the work. Collins completed the well in around 40 to 50 days of winter drilling. As it was Potter's duty and obligation to drill this well and it could have been done within the contract time limit of 120 days had he hired a driller competent to do the work, his liability for damages is not to be excused. An unexcused delay in performing a contract after the time fixed for performance constitutes a breach of contract for which damages are recoverable. 13 Am. Jur.2d, Building, Etc. Contracts, § 47.

■ ■ The measure of damages, except as otherwise provided by statute, is the amount which would "compensate the party aggrieved for all the detriment proximately caused thereby, or which, in the ordinary course of things, would be likely to result therefrom." SDCL 21-2-1. Dave Gustafson & Co. v. State, 83 S.D. 160, 156 N.W.2d 185. The fair rental value of the property is to be considered in measuring the damages whether the owner intended to occupy it himself or to rent it as he is entitled to seasonable use of the house. Morgan-National Woodworking Co., Inc. v. Cline, 324 Mass. 15, 84 N.E.2d 460; 5 Corbin on Contracts, § 1092; 13 Am.Jur.2d, Building, Etc. Contracts, § 76. The only testimony of rental value was that of defendant and the court erred in finding there was no credible evidence of damages because of the delay.

■ As a general principle, difficulty without financial loss will not release a party from his contract or excuse him for nonperformance of it. 17 Am.Jur.2d, Contracts, § 402. However, here Potter did not stand to lose anything financially as he was allowed $1,000 for the well and Anderson was to pay all over that amount. All Potter had to do was to drill the well or employ competent workmen to do so. This he failed to do.

The first two well drillers were paid $700 prior to the time they hit hard rock and gave up the project. Defendant Anderson paid and was charged by the trial court with the $500 ($350 and $150) claim well driller Collins made for his efforts on the old well. It is not clear who paid the $700 item. The court did not enter any findings as to these items though defendant proposed apt findings to the court. Plaintiff Potter testified and some of the exhibits show the total cost of the well was $6,681.50 and Anderson paid $5,681.50 of it; the interrogatories and other evidence indicate Anderson paid all of it while the bill of well driller Collins to Anderson includes the $500. The expense incurred by Potter in attempting to fulfill his contract to construct a well by incompetent drillers was worthless and cannot be charged to or recovered from defendant owner. Defendant Anderson was not liable for and should not have been charged

with the $700 incurred or paid to the first well drillers nor for the $500 paid to Collins by Anderson in an attempt to remedy the abortive first well.

■■■ Defendant's claim of delay in completion of the work on the house in general, as to the well and the many other claimed defects are set out in defendant's brief under his argument that there was no substantial performance of the contract and also under another heading, "No. 10 Damages" dealing with his counterclaim. Plaintiff's brief, in answering the latter, calls attention to a clause in the contract requiring the contractor to pay interest on money drawn from a loan company until the house is delivered as finished. This was part of an extensive agreement as to payments to be made as work progressed which authorized and permitted the contractor to draw money from the proceeds of the stated loan subject to arrangements to be made by him with the loan company. We believe it was a special item referring only to that relationship. It did not affect defendant's liability for the expense incurred for the unsuccessful work on and attempt to remedy the work done on the first well or defendant's right to collect or offset his damages by reason of the unexcused delay in completion of the work.

■■■ Plaintiff Potter's second cause of action alleged defendant would transfer his former home to plaintiff and plaintiff would allow defendant the net equity therein based on a selling price of $14,500; that defendant failed to transfer the property to plaintiff who incurred in readying it for resale and for loss of profits of $1,500. The trial court found plaintiff spent $190 in painting and repairing a sidewalk on the property, that plaintiff requested a deed which defendant failed to deliver but conveyed it to the well driller Collins in payment of the well expense.

The written building contract provided:

"The owner will attempt to sell his house * * * starting about 45 days prior to finishing construction and if it is not sold at the time construction is finished on the new house, the contractor agrees

to allow $14,500 for (it) * * * against price of construction."

This was an agreement by the contractor to allow the owner $14,500 for the old house but no agreement the owner had to sell or convey it to the contractor and he had no cause of action at law for failure to convey to him and if he made any repairs or improvements on it he did so at his peril.

Examination of the other errors asserted as to Potter in the 74 assignments of error which with the subheads state 106 claimed errors indicates no reversible error. The trial court's finding either found no defect or damage as to some items and allowed damages to defendant for defective work on several of the claims and reduced the amount due Potter accordingly. These and the findings as to the liens other than the Swenson Plumbing lien hereafter discussed, are not contrary to the clear preponderance of the evidence and cannot be disturbed here on appeal, Dolan v. Hudson, supra, even though they may not be such as a judge of this court might be inclined to enter on the record.

## III.

 The claimed lien of Swenson Plumbing is of doubtful validity and rests on tenuous grounds. It depends solely on whether the item of 2-7-66 on Exhibit 6 of $20.09 for "three hours to clean mud from valve and fixtures" was done pursuant to the original contract or work done after that contract was completed. F. H. Peavey & Co. v. Whitman, 82 S.D. 367, 146 N.W.2d 365. Swenson's only witness was an officer who took care of the business books and records, but who did not do the work personally. He testified, "It had nothing to do with the original contract, but it is part of the responsibility of the plumbing contractor to check that out." If it was Swenson's responsibility to inspect or check its work it could not charge for it, which the record shows it did. Cleaning the valves and fixtures of mud from the well three months after the work was completed for which the charge was made was not a part of the plumbing bid or contract. It was a separate transaction which occur-

red by reason of mud from the well and which Swenson recognized by making a separate charge. It did not extend the time for filing the lien on the Swenson Plumbing claim. To permit "tacking" and creation of a lien for the original plumbing job appears unjustifiable under the evidence. Big Sioux Lumber Co. v. Miller, 57 S.D. 506, 234 N.W .31. Disallowance of this lien does not in any way affect personal liability, if any, of the parties.

The trial court found the balance due on the Potter building contract, plus some extras and reduced this sum by $1,093; it also found $190 due on Potter's aforementioned second cause of action against Anderson for failure of Anderson to convey his former residence. It resulted in a judgment for Potter against Anderson of $3,541.46. The same judgment granted liens against the property for the three lienholders in varying amounts (one of which the court reduced $760 totaling $2,691.83. It permitted foreclosure of the liens and provided on payment of the judgment in favor of Potter he be required to furnish satisfaction in full of the three liens. The trial court may have been placed in the position to enter this form of judgment by reason of the consolidation for trial of the Potter v. Anderson law action and the Swenson Plumbing and Heating, et al. v. Anderson lien foreclosure action and at the time judgment was entered the Potter recovery exceeded the lien claims so the mentioned clause could be operative.

The judgment in the action by claimed lienholders to foreclose their asserted liens which decreed liens for plaintiffs Universal Liquidators of $608.04 and for Walter Borgen and Marion Rozeboom for $1,065.62 and for their foreclosure on the land described is affirmed; that part of the judgment which decreed plaintiff Swenson Plumbing and Heating to have a valid and subsisting lien for $1,018.17 is reversed with directions to cancel its filed lien. Big Sioux Lumber Co. v. Miller, supra.

For failing to allow damages for the delay, charging the owner with the $700 and $500·paid on the first well which amount is not clear, and the inclusion of $190 damages allowed plaintiff Rex Potter on the second cause of action of

his complaint for damages against defendant, the judgment of Potter against Anderson must be and is reversed, and a new trial granted defendant. As most of the items at issue between these parties are determined by this appeal, the new trial is limited to the issues of damages for delay and the well cost items chargeable to defendant. See Larson Elec. Co. v. R. W. Vander Vorste, 81 S.D. 296, 134 N.W.2d 500, and Pexa v. Clark, 85 S.D. 37, 176 N.W.2d 497. If the amount found due to Potter from defendant shall exceed the amounts of the two liens hereby approved, the judgment as entered by the trial court requiring Potter to pay and cause satisfaction in full of these two liens upon payment of his judgment may be an effective disposition of the action; in the event the two liens exceed the amount found due Potter then judgment shall be entered for Anderson and against Potter for the excess. Costs are awarded in this court for Anderson against Potter only.

All the Judges concur.