M. R. GRIFFIN, DOING BUSINESS AS GRIFFIN INSTALLATION COMPANY, APPELLEE, v. GENEVA INDUSTRIES, INC., A FOREIGN CORPORATION, APPELLANT.

228 N. W. 2d 880

Filed May 8, 1975. No. 39710.

Baylor, Evnen, Baylor, Curtiss & Grimit, for appellant.

Nelson, Harding, Marchetti, Leonard & Tate, for appellee.

Heard before WHITE, C. J., BOSLAUGH, CLINTON, and BRODKEY, JJ., and COLWELL, District Judge.

BOSLAUGH, J.

This case arises out of a controversy concerning contracts for the installation of casework and related items. The defendant is a manufacturer who had entered into contracts to furnish casework and related items to be installed in hospitals being constructed in Hastings, Nebraska, and Lincoln, Nebraska. The plaintiff entered into contracts with the defendant to install the casework and related items in the hospitals.

The first cause of action concerned the contracts relating to the Hastings hospital. The trial court found the plaintiff should recover $239.21 on that cause of action. On the second cause of action, relating to the Lincoln hospital, the trial court found the plaintiff should recover $1,190.43. The defendant has appealed. There is no cross-appeal. Since each cause of action involves different issues they must be considered separately.

There are three written contracts involved in this action. The first contract, dated July 15, 1969, relates to the Hastings hospital. The second contract, dated October 7, 1969, relates to the fifth floor addition to the Hastings hospital. The third contract, dated May 9, 1969, relates to the Lincoln hospital. All the contracts are on forms prepared by the defendant and provide generally that the plaintiff will field check, unload, distribute, and install casework and related items on the job site designated in the contract.

All the contracts were prepared by the defendant and submitted to the plaintiff for his signature. When submitted to the plaintiff, the unsigned contracts relating to the Hastings hospital each contained a paragraph designated "Seventh" which provided: "All additions or omissions from or changes in the work as specified in the Drawings and Specifications must be approved by the Contractor, or his accredited representative, before proceeding with the work." Before signing and returning the contracts to the defendant, the plaintiff added the following language to paragraph Seventh: "However, additional compensation shall be payable in an amount based on time and material." Before signing and returning copies of the contracts to the plaintiff, the defendant had the following language added to that inserted by the plaintiff in paragraph Seventh: "only after receipt of a quotation which must be approved before any additional work is performed." The defendant's letter to the plaintiff returning signed copies of the contracts made no mention of the defendant's addition to paragraph seventh and the plaintiff claimed he did not know of the language added by the defendant.

The trial court found that the change made by the defendant in paragraph seventh was not a part of the contract. The defendant's first assignment of error is that this finding was erroneous. In the view that we take of the case it is not necessary to consider this assignment at length.

It is apparent that both parties to the contract contemplated and considered that additional work might be required and that the plaintiff would be entitled to additional compensation for additional work. The language which is in dispute relates only to the authorization for the additional work. This provision was subject to oral modification or waiver.

The contractual provision in dispute is similar to a requirement that alterations or extras must be ordered in writing. It is well-established that the parties to a

contract may avoid such a provision where their words, acts, or conduct amount to a waiver, modification, rescission, abrogation, or abandonment of the provision, or the party claiming the benefit of the provision is estopped to rely on it. Annotation, 2 A. L. R. 3d 620.

The evidence is clear that the defendant knew about the additional work performed by the plaintiff and its conduct indicated approval and authorization for the work to proceed. Under these circumstances the defendant cannot now contend that the plaintiff is not entitled to compensation because he failed to obtain prior approval of a quotation for the additional work. Where the parties ignore such a provision in the contract it will not furnish a defense to a claim for compensation for the additional work performed. McGowan v. Gate City Malt Co., 89 Neb. 10, 130 N. W. 965.

The particular items in dispute in the first cause of action related to extra work necessitated by defects in the cabinets supplied by the defendant and back charges against the defendant made by the general contractor. The defendant's claim that the extra work was necessary because of defective installation of the cabinets was not supported by the evidence. The trial court's findings that the plaintiff was entitled to recover $1,150 for extra work and that a portion of the back charges should be disallowed is fully supported by the evidence. The judgment in favor of the plaintiff in the amount of $239.21 on the first cause of action is affirmed.

In regard to the second cause of action the principal items in dispute consisted of extra work required to make the casework and related items conform to the requirements of the plans and specifications. As to one of these items, the defendant requested a quotation which was furnished by the plaintiff. However, the contract in regard to the Lincoln hospital did not contain the provision requiring prior approval of a quotation. The Lincoln contract required only approval of additional work by the contractor, or his accredited representative.

There were some conflicts in the evidence concerning the items in dispute which were resolved by the trial court. The evidence fully sustains his findings in regard to the second cause of action and the judgement for plaintiff in the amount of $1,190.43 is affirmed.

The judgment of the District Court is, therefore, affirmed.

AFFIRMED.