William G. REIF, d/b/a Reif Construction, and Marge Reif, Plaintiffs and Appellants,

and

First National Bank of the Black Hills, Plaintiff Intervenor,

v.

David A. SMITH and Patricia M. Smith, Defendants and Appellees.

No. 13345.

Supreme Court of South Dakota.

Argued Nov. 19, 1981.

Decided May 26, 1982.

Reed C. Richards of Richards & Richards, Deadwood, for plaintiffs and appellants.

Roger Tellinghuisen of Amundson & Fuller, Lead, for defendants and appellees; Robert A. Amundson of Amundson & Fuller, Lead, on the brief.

MORGAN, Justice.

This action was commenced to foreclose a mechanic's lien for material and labor expended by the contractor (Reif) * in the construction of a residence for David and Patricia Smith (Smiths). Smiths counterclaimed for damages alleging failure to complete the house in a workmanlike manner. The trial court found that Reif had substantially completed the contract and allowed them approximately $6500 on their claim, the equivalent of the balance due on the contract. It further found that Smiths were entitled to approximately $20,850 for cost of completion of the work, correcting defects in workmanship and for sums paid to subcontractors and materialmen. The allowance of sums paid to subcontractors and materialmen is undisputed. Reif appeals and we affirm in part, reverse in part, and remand.

The contract involved in this lawsuit is at best an anomaly. It arose after Smiths approached Reif who was in the process of constructing a log home for himself in the Black Hills. Smiths inquired about the possibility of hiring Reif to do some of the construction on the Smiths' log home. In addition to the construction contract, the parties made other agreements, e.g., excavation and block laying, which are not involved in this proceeding. The parties finally agreed that Reif would do the work and the labor costs were to be computed at 120% of the cost of materials. In an abundance of caution, if not good sense, David Smith undertook to prepare a written contract to incorporate the agreement of the parties. He copied his contract from one used elsewhere by entirely different parties.

The contract incorporated a set of plans and materials list. The plans referred to were not prepared by an architect, only by a draftsman. These plans proved inadequate, requiring numerous changes during the construction, including some removal and reconstruction. The materials list was, at best, makeshift. With the aid of a building materials salesman, the parties used the plans to estimate the items and quantities of materials necessary. The salesman did not have a price list available so he estimat-

---

* This case involves two claims by Reif. The first and principal claim is by William Reif d/b/a Reif Construction and arises from the contract for construction of the residence. The secondary claim of Marge Reif is for labor in performing certain painting services under a separate agreement. For the purposes of this opinion, where we refer to Reif, we are referring to William Reif d/b/a Reif Construction. Marge Reif will be so referred to.

ed the costs. As with the plans, the materials list was inadequate. After construction began, several cabinets and a vanity were changed and other items added.

The crucial issue on this appeal arises over section 15 of the contract which provides:

Section 15. Work shall be changed and contract price and completion shall be modified only as set out in written change order. Any adjustment in the contract price resulting in a credit or a charge to the owner shall be determined by mutual agreement of the parties or by arbitration before starting the work involved in the change.

The record reflects that Smiths repeatedly visited the construction site, and that they were aware of the problems created by the plans and the changes. Yet, none of the changes or additions were made pursuant to written change orders as specified in section 15.

At a point where Reif had nearly finished the interior work, he gave Smiths a bill for the balance due on the contract plus the extra labor and material due to changes. Smiths refused to pay the bill and ordered Reif off the premises, refusing to let him complete the work. Reif filed a mechanic's lien for $15,858.28 and this proceeding followed.

Reif first argues that the trial court erred in finding that there had been no waiver by Smiths of the requirements of section 15 with the exception of the living room window, firebox and fireplace. We agree.

■ Generally, provisions like section 15 prevent contractors from recovering for alterations or extras not subject to a written order. See Annot., 2 A.L.R.3d 620, 626. Such provisions, however, are impliedly waived by the owner where he has knowledge of the change, fails to object to the change, and other circumstances exist which negate the provision; i.e., the builder expects additional payment, the alteration was an unforeseen necessity or obvious, subsequent oral agreement, or it was ordered or authorized by the owner. *Id.*, at 658–685.

■ Additionally, repeated or entire disregard for contract provisions will operate as a waiver of section 15. See *Ibid.*, at 682; *Griffin v. Geneva Industries, Inc.*, 193 Neb. 694, 228 N.W.2d 880, 882 (1975). Essentially, the trial court found that a partial waiver existed. The record reflects that Smiths were on the job site repeatedly, they knew of certain changes and authorized others. Smiths made several progress payments after changes were made. They did not assert section 15 until the final payment was soon due. Now Smiths argue that section 15 precludes recovery for some items but not others. If section 15 is waived with respect to some changes it should be waived with respect to other changes since this reflects the intention of the parties evidenced by their course of dealing. Moreover, inadequacies in the construction plans are the responsibility of the owner unless they were drawn by the construction company. *Ibid.* at 620. See, e.g., *G. O. Lewis Company v. Erving*, 4 Mich.App. 589, 145 N.W.2d 368, 370 (1966); *Eggers v. Luster*, 32 Wash.2d 86, 200 P.2d 520, 523 (1948).

It is incongruous that the owner, author of the contract with the written change order requirement, can come into court and acknowledge that he authorized the changes without a single written change order, admit liability for two or three specific items, but escape liability on the balance on the assertion that he understood that they were "tit for tat." We hold that the trial court erred in finding in effect that Smiths had only partly waived section 15.

■ Reif also contests the trial court's damage award of $20,850. The parties, however, do not challenge the trial court's finding that Reif substantially performed the contract in question. In such cases, recovery is on the contract not in quantum meruit. *Dixon v. Nelson*, 79 S.D. 44, 107 N.W.2d 505, 507 (1961). Both parties are entitled to the benefits of their bargain. The contractor receives the contract price plus, in this case, compensation for the extras, labor and materials, while the owner receives an offset to the builder's award

amounting to the actual cost of making the structure conform to the contract. *Northern Farm Supply, Inc. v. Sprecher*, 307 N.W.2d 870 (S.D.1981); *Van Den Hoek v. Bradwisch*, 273 N.W.2d 152, 154 (S.D.1978); *Dittmer v. Nokleberg*, 219 N.W.2d 201, 209 (N.D.1974). Here, we are concerned with the amount Smiths received as an offset for defective workmanship. We remand for determination of this offset.

■ Since both parties are entitled to receive the benefit of their bargain, the inadequacies of the instant blueprints are paramount to determination of defective workmanship.

> [A] construction contractor who has followed plans or specifications furnished by the contractee, his architect, or engineer, and which have proved to be defective or insufficient, will not be responsible to the contractee for loss or damage which results ... solely from the defective or insufficient plans or specifications, in the absence of any negligence on the contractor's part, or any express warranty by him as to their being sufficient or free from defects.

Annot., 6 A.L.R.3d 1394, 1397. As we noted earlier, the plans were inadequate. Smiths should not receive an offset for additional work required due to inadequacy of the blueprints supplied by themselves.

■ Moreover, and most important, in *Hulst v. Benevolent Hall Ass'n.*, 9 S.D. 144, 68 N.W. 200 (1896), we held that the offset is limited to the actual cost of labor and materials required to repair and replace the defective workmanship. In *Hulst*, as in the instant case, the owners attempted to introduce a contractor's bid on the repair costs. There, the bid was not admissible because it may or may not reflect the actual costs and the amount of material and labor was easily ascertainable under the contract. Here, the trial court erred in admitting the bid for the same reason. Again, reference should have been made to the instant blueprints, the contract and the materials list for this determination rather than a contractor's bid which was not based on these documents. All in all, an offset is available for that portion of the work shown on the plans which was done but the workmanship, not the plans, was defective. An offset is not available for work accomplished according to the plans, or for work not satisfactorily completed after Smiths ordered Reif to stop work.

Marge Reif claims that she was entitled to $6.00 per hour for her labor while the trial court awarded $5.00 per hour. The record contains evidence that $5.00 per hour was the agreed-upon rate. The trial court heard the evidence and assessed the witness' demeanor, therefore, we cannot say that its finding was clearly erroneous.

We reverse and remand for new trial on issue of the liability for extras and labor as controlled by the contract and the appropriate offset thereto, and affirm as to the award to Marge Reif.

All the Justices concur.